Filed 2/9/24  P. v. Cisneros CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081819 |
| v. | (Super.Ct.No. FWV900532) |
| EDWARD RAMON CISNEROS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Sachs, Judge.  Reversed with directions.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Lynne McGuiness and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Edward Ramon Cisneros filed a form petition for resentencing under then-applicable Penal Code section 1170.95.[1]  The trial court denied the petition without appointing counsel, which the Attorney General as respondent concedes was error.  We accept the concession and find that the error in failing to appoint counsel was not harmless.  We therefore reverse and remand the matter for further proceedings, beginning with the appointment of counsel.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

In September 2012, in a joint trial with his codefendant, Joel Jaquez, a jury convicted defendant of attempted murder of a police officer (§§ 664, 187, subd. (a); count 4) and assault with a firearm on the same officer and three other peace officers (§ 245, subd. (d)(1); counts 3, 5, 7 & 9).  The jury also convicted defendant of robbery (§ 211; counts 11 & 12); commercial burglary (§ 459; count 13); and making a criminal threat (§ 422; count 14).  On the robbery counts, the jury found defendant personally used a firearm (§ 12022.53, subd. (b)); the jury also found true a firearm use allegation (§ 12022.5, subd. (a)) on the burglary and criminal threat counts.

The jury convicted Jaquez of the same counts with the same true findings, while also finding Jaquez guilty of attempted murder of another police officer (count 2).  The

---

[1] All further statutory references are to the Penal Code.  Just after defendant filed his petition, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6.  (Stats. 2022, ch. 58, § 10; eff. June 30, 2022.)  We generally cite the current section number, but leave intact case quotations referencing section 1170.95 where there is no relevant change in the corresponding subdivisions.

2

jury further found Jaquez committed the attempted murder in count 4 with premeditation and deliberation and personally discharged a firearm in committing the offense.[2]

The jury deadlocked on the murder count alleged against both defendants (count 1). Nothing in the charging instrument or the record indicates that the murder victim was a peace officer. In pertinent part as to defendant, the jury also deadlocked on three counts of attempted murder of a peace officer (counts 2, 6 & 8), as well as on the allegation that the attempted murder in count 4 was premeditated and deliberate. The court declared a mistrial on the deadlocked counts and subsequently dismissed them on the prosecutor's motion.

The initial sentences that the trial court imposed on defendant and Jaquez required resentencing after their direct appeal. This court's unpublished opinion resolving that appeal struck one of the robbery convictions (count 12) and ordered a stay under section 654 of their sentences for counts 13 and 14, but affirmed the judgment in all other respects. (*People v. Cisneros et al.* (Sept. 10, 2014, E058626 [nonpub. opn.] (*Cisneros I*).) At defendant's resentencing, the trial court imposed a determinate term of 38 years four months, plus 14 years to life.

With a caveat that we explain in the margin, *Cisneros I* provides convenient factual context for the foregoing procedural history that backgrounds defendant's present

---

[2] We summarize the jury's findings as to Jaquez only briefly because they are tangential to defendant's resentencing petition at this stage in the proceedings.

3

appeal.[3] *Cisneros I* summarized: "Defendants . . . entered a Papa John's Pizza (PJP) on Central Avenue in Chino at closing time. Silvio Guiral was the only employee in the store. Defendants demanded Guiral's money from his wallet, his personal keys and keys to the PJP's safe. They threatened Guiral with a gun. Unbeknownst to defendants, a woman outside the store had seen them enter the restaurant and immediately called the police. Numerous Chino police officers arrived and eventually Jaquez engaged them in a shootout. Jaquez and Cisneros were shot, along with an officer [whose forearm was shattered, requiring surgery]. Additionally, during the clash, an innocent bystander was shot and killed by an officer." (*Cisneros I*, *supra*, E058626.)

In April 2022, defendant filed the resentencing petition that is the subject of this appeal. In checking the three boxes on the preprinted form, he attested that he met the prerequisites for resentencing under section 1172.6. He also checked the box stating that, "[h]aving presented a facially sufficient petition," he requested the appointment of counsel.

---

[3] If this matter proceeds to an evidentiary hearing on defendant's resentencing petition (see § 1172.6, subd, (d)), at which the trial court acts as an independent fact finder (*People v. Guiffreda* (2023) 87 Cal.App.5th 112, 123), the trial court should not rely on our prior opinion's implicit or explicit resolution of any factual discrepancies in the trial record; instead, the trial court acts as the trier of fact. (*Ibid.*; see *People v. Clements* (2022) 75 Cal.App.5th 276, 292 [holding based on the "specificity" of § 1172.6, subd. (d)(3), that "the Legislature has decided trial judges should not rely on the factual summaries contained in prior appellate decisions when a section 1170.95 petition reaches the stage of a full-fledged evidentiary hearing"].) At the early stage now at issue on appeal—even before the prima facie hearing for which the trial court should have appointed defendant counsel, as we explain *post*—these cautionary evidentiary considerations are not at issue.

The prosecutor opposed the petition, filing a written brief as we discuss more fully *post*. The trial court did not appoint counsel for defendant; nothing indicates defendant received notice of the opposition, to which defendant did not reply. At the hearing on the petition, at which the prosecution appeared but defendant did not and no attorney appeared on defendant's behalf, the trial court denied the petition.

**DISCUSSION**

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill 1437) changed the law of murder """"to more equitably sentence offenders in accordance with their involvement in homicides."""" (*People v. Reyes* (2023) 14 Cal.5th 981, 986.) "Now, '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.'" (*People v. Turner* (2020) 45 Cal.App.5th 428, 433.) To this end, the new legislation eliminated the natural and probable consequences doctrine as a basis for aider and abettor murder liability and it limited the scope of the felony-murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*), citing §§ 188, subd. (a)(3); 189, subd. (e).)

Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2; Senate Bill 775) then expanded the class of defendants authorized to petition for resentencing to those convicted of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a)(1); see *People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3 [identifying changes in Sen. Bill 775].)

Senate Bill 1437 also added former section 1170.95, which—now renumbered as section 1172.6 and as amended by Senate Bill 775—created "a special procedural mechanism for those convicted under the former law to seek retroactive relief." (*People v. Strong* (2022) 13 Cal.5th 698, 708 & fn. 2 (*Strong*).)

That mechanism or process for potential resentencing includes, as relevant here: first, the defendant must file a petition meeting certain prerequisites (§ 1172.6, subd. (b)(1)); second, the trial court conducts an initial review in which it determines if the petition includes the required information (*id.*, subd. (b)(2)); and third, for defendants who have filed a complying petition, the court then appoints counsel if the defendant has so requested (*id.*, subd. (b)(3); *Lewis*, *supra*, 11 Cal.5th at pp. 962-963).

Next, in a fourth step, the parties then submit briefing and the court conducts a hearing to determine if the defendant has made a prima facie case for resentencing. (§ 1172.6, subd. (c).) Only then, if the defendant has made the requisite prima facie showing, does the trial court proceed to a final multipart step, including an order to show cause and an evidentiary hearing, which may result in resentencing. (*Id.*, subd. (d)(1); see, e.g., *Lewis*, *supra*, 11 Cal.5th at pp. 959-967.)

Here, the trial court jumped ahead to the prima facie hearing in the fourth step without appointing counsel, indeed without briefing by defendant or by an attorney on his behalf. This was error. The resentencing statute "does not envision a structure by which courts can make a[ prima facie] determination without briefing and without the appointment of counsel." (*Lewis*, *supra*, 11 Cal.5th at p. 966.) "[O]nly after the

6

appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.'" (*Id.* at p. 957.)

The Supreme Court in *Lewis* decided the dispositive issue here, namely: "[W]hen does the right to appointed counsel arise?" (*Lewis*, *supra*, 11 Cal.5th at p. 957.) *Lewis* explained that "whether a petitioner 'requests the appointment of counsel' is part of the information that must be included in a petition for it to satisfy the court's section 1170.95, subdivision (b)(2) review. [Citations.] Subdivision (c)'s language regarding the appointment of counsel is mandatory: 'If the petitioner has requested counsel, the court *shall* appoint counsel to represent the petitioner.' [Citation.] The combined meaning is clear: petitioners who file a complying petition requesting counsel are to receive counsel upon the filing of a compliant petition." (*Lewis*, at pp. 962-963.)

Respondent concedes, and we agree, that defendant filed a compliant petition here. There is no dispute, for example, that he averred he met all the requirements for resentencing, including that he "could not presently be convicted of . . . attempted murder because of changes made to Penal Code §§ 188 and 189." As respondent acknowledges, defendant's petition included all the necessary information and attestations. (See § 1172.6, subd. (b)(3).) The trial court therefore was required to appoint counsel. (*Lewis*, *supra*, 11 Cal.5th at p. 963.)

We review the erroneous failure to appoint counsel under section 1172.6 for prejudice under *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Lewis*, *supra*, 11 Cal.5th

7

at pp. 957-958; *People v. Hurtado* (2023) 89 Cal.App.5th 887, 892.)  The defendant must show a reasonable probability of a more favorable result if the trial court had appointed counsel.  (*Lewis*, at p. 974.)

Defendant met that standard here.  As respondent concedes, the trial court relied on an erroneous rationale in the prosecution's brief opposing defendant's petition to conclude he could not make a prima facie showing for resentencing relief.  The prosecution argued defendant was excluded from resentencing relief as a matter of law based on subdivision (f) of section 189 (hereafter subd. (f) or § 189(f)).  That subdivision provides that Senate Bill 1437's new restrictions in section 189, subdivision (e), on the felony-murder rule "do[] not apply to a defendant when the victim is a peace officer *who was killed* while in the course of the peace officer's duties . . . ."  (§ 189(f), italics added.)

This was inapt as to defendant in several respects.  The changes that Senate Bill 1437 made to section 189 placed limitations on the felony-murder rule.  (*Strong*, *supra*, 13 Cal.5th at pp. 707-708.)  But defendant was not convicted of murder on any theory—neither of a civilian nor a police officer, nor was he so sentenced.

Instead, he was convicted of attempted murder, for which resentencing is available if the conviction was based on the now-proscribed natural and probable consequences doctrine.  (§§ 1172.6, subd. (a); 188, subd. (a)(3); see *People v. Gentile* (2020) 10 Cal.5th 830, 842-843 [latter section "amend[ed] the natural and probable consequences doctrine"], abrogated by statute on another ground as stated in *People v. Wilson* (2023) 14 Cal.5th 839, 869.)  Nothing in these statutory provisions regarding the natural and

8

probable consequences doctrine expresses a similar bar to resentencing relief that section 189(f) erects when the offense is committed against a peace officer. And as respondent acknowledges, there is no crime of attempted felony murder. (*People v. Billa* (2003) 31 Cal.4th 1064, 1071, fn. 4; *People v. Brito* (1991) 232 Cal.App.3d 316, 321.) Thus, nothing brought defendant's attempted murder conviction in count 4 within subdivision (f)'s resentencing exclusion when the offense involves felony murder.

Our review of whether the trial court properly denied a defendant's petition at the prima facie stage is de novo. (E.g., *People v. Flores* (2022) 76 Cal.App.5th 974, 987.) If the record of conviction conclusively showed defendant was ineligible for resentencing notwithstanding the trial court's error in failing to appoint counsel, the error would be harmless. (See *Lewis*, *supra*, 11 Cal.5th at p. 971 [examining record "allow[s] the court to distinguish petitions with potential merit from those that are clearly meritless"]; see also *People v. Jenkins* (2021) 70 Cal.App.5th 924, 935 [record of conviction includes "the charging document, verdict forms, closing arguments, and jury instructions"].)

Here, the jury instructions and closing arguments from defendant's trial are not in the record on appeal. Nor did the prosecution rely on or reference them in its opposition to defendant's petition. Thus, at this juncture, nothing refutes defendant's attestations in his petition that the prosecutor obtained his attempted murder conviction "under the natural and probable consequences doctrine" and that he "could not presently" be convicted of attempted murder in count 4 because the doctrine is no longer valid. As the record stands, the jury may have been instructed on and convicted defendant based on

that discredited theory, in which case he would be eligible for the trial court to hold a hearing to determine whether to vacate his conviction and provide resentencing relief. (§ 1172.6, subd. (d).)

The trial court's erroneous ruling short-circuited the proceedings early in the petitioning process. We reverse and remand for the trial court to appoint counsel and resume the proceedings as appropriate.

## DISPOSITION

The trial court's order summarily denying defendant's resentencing petition is reversed and the matter is remanded for further proceedings, beginning with the appointment of counsel for defendant.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____
J.

We concur:

RAMIREZ _____
P. J.

CODRINGTON _____
J.

10